UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN BLANTON,

    Plaintiff,

v.   Case No.:  2:25-cv-498-JES-NPM

TRANS UNION LLC,

    Defendant.
_____

**FCRA FAST-TRACK SCHEDULING ORDER**

    Consistent with the just, speedy, and inexpensive administration of justice and pursuant to Rule 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case, which was brought under the Fair Credit Report Act and/or other related state law consumer protection statutes. All parties **must** comply immediately with Rule 7.1 and Local Rule 3.03 to file a Disclosure Statement using the form available on the presiding judge's [webpage](webpage).

    It is **ORDERED** that <u>all</u>[1] discovery—except as provided in this Order—is **STAYED** pending compliance with the following deadlines:

    1.    By **August 6, 2025**, Plaintiff[2] must serve on Defendant all documents in

---

[1] The stay encompasses the requirements for Rule 26(a)(1)'s initial disclosures, a Rule 26(f) discovery conference, and the filing of a Local Rule 3.02(a) case management report. The parties are free to stipulate to exchanging Rule 26(a)(1) initial disclosures on their own.

[2] If there is more than one plaintiff or defendant, the singular reference to plaintiff or defendant includes the plural.

Plaintiff's possession, custody, or control that relate to the credit/consumer report(s) at issue, including:

    a. documents showing why Plaintiff disputes a reported statement or information relating to Plaintiff's credit history;

    b. documents showing that (i) Plaintiff notified Defendant of the disputed statement or information, and the basis for the inaccuracy, including an applicable exclusion to disclosure; (ii) Plaintiff requested an investigation and/or reinvestigation; and (iii) Defendant continues to publish and disseminate the disputed statement or information despite its inaccuracy;

    c. written correspondence, including court documents, pertaining to Defendant's alleged failure to investigate or reinvestigate; and

    d. documents showing any actual damages.

2. By **September 5, 2025**, Defendant must serve on Plaintiff all documents in Defendant's possession, custody, or control that relate to the credit or consumer report, including:

    a. documents showing that Defendant verified or investigated the accuracy of the reported statement or information before notice of a dispute and before disclosure or dissemination, or disclosed it for permissible purposes;

    b. documents showing that Defendant verified or reinvestigated the accuracy of the statement or information after notice of the dispute;

    c. written correspondence, including court documents, demonstrating

      cooperation and participation in an investigation or reinvestigation;

   d. documents showing that Defendant promptly corrected or stopped furnishing inaccurate statements or information once notified by the consumer of an inaccuracy and verification of the inaccuracy; and

   e. documents showing that Defendant provided notice of a dispute to any consumer reporting agency requesting disclosure of any statement or information.

3. By **October 6, 2025**, the parties shall file any motions to add or join parties, or amend the pleadings.

4. This action is **REFERRED** to mediation. The mediation must be conducted as outlined in this Order and pursuant to Chapter 4 of the Local Rules as follows:

   a. *Scheduling Mediation*: The parties must mediate no later than **November 4, 2025**. Neither party may cancel or reschedule a mediation conference without the Court's permission. Motions to extend the mediation deadline are strongly disfavored and will be granted only in extraordinary circumstances. Unless otherwise agreed, the parties must bear the mediation expenses equally and pay immediately after the mediation.

   b. *General Rules on Mediation:* (1) The parties must designate a mediator and indicate whether the mediator is certified; (2) The parties must establish a mediation deadline as outlined above; (3) Lead counsel must confirm

a mediation date agreeable to the mediator, and the parties must notify the presiding judge of the date by filing a Notice of Mediation at least **FOURTEEN (14) DAYS** before the mediation conference; (4) Lead counsel, the parties, or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative must attend mediation; (5) Any unexcused absence or departure from mediation is sanctionable; (6) The mediator must report the result of the mediation and whether all required persons attended mediation within **SEVEN (7) DAYS** of the mediation taking place; and (7) The substance of the mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without approval of the Court may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

5. If the case does not settle, then the parties must file—within **SEVEN (7) DAYS** of the mediation—the FCRA Fast-Track Case Management Report available on the presiding judge's webpage. Upon filing the Case Management Report, the discovery stay expires. After reviewing the Fast-Track Case Management Report, the Court will hold a preliminary pretrial conference. Lead counsel must appear in person and be prepared to discuss the claims, defenses, and other aspects of the case. This case will be set for trial about eight months after the mediation conference.

6. The parties may consent to litigate this matter before the assigned

4

Magistrate Judge by filing an AO 85 form available on the Court's [website](website). Any party may withhold consent with no adverse consequences.

**ORDERED** on July 7, 2025.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

5